UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAIGE H.,[1]

                           Plaintiff,                8:24-cv-01352 (BKS/DJS)

v.

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.

**Appearances:**

*For Plaintiff:*
Mark A. Schneider
Schneider & Palcsik
57 Court Street
Plattsburgh, NY 12901

*For Defendant:*
Kristina D. Cohn
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Paige H. filed this action under 42 U.S.C. 405(g) seeking review of a decision by

the Commissioner of Social Security denying her application for disability insurance benefits.

(Dkt. No. 1). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks

for a Report-Recommendation. (Dkt. No. 4); N.D.N.Y. L.R. 72.3(e). On January 26, 2026, after

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

1

reviewing the parties' briefs and the Administrative Record,[2] (Dkt. Nos. 10, 13, 14, 15), Magistrate Judge Dancks issued a Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, that the Commissioner's motion for judgment on the pleadings be granted, and that the Commissioner's decision be affirmed, (Dkt. No. 18). Plaintiff timely filed objections to the Report-Recommendation. (Dkt. No. 19).[3] For the following reasons, the Court rejects the Report-Recommendation's recommendation that the Commissioner's decision be affirmed, reverses the Commissioner's decision, and remands this matter for further proceedings.

## II.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and

---

[2] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 10), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

[3] On February 23, 2026, Plaintiff also filed a letter brief pertaining to Plaintiff's off-task time. (Dkt. No. 22). Even if the Court considered this untimely submission, Plaintiff has not raised any objection to Judge Dancks' Report and Recommendation based upon off-task time. In any event, Plaintiff's assertion that "an ALJ *must* include time off task in the RFC if that issue was raised before the ALJ" is not clearly supported by the caselaw Plaintiff cites. (*See id.* (citing *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 64 (2d Cir. 2025) (vacating and remanding because ALJ failed to consider the plaintiff's off-task time in determining plaintiff's RFC, where "the medical opinions in the record— including all the evidence that the ALJ found persuasive—were unanimous that [the plaintiff] had some degree of limitation in his abilities to stay on task and maintain regular work attendance"))). Here, the ALJ noted the only two medical sources that discussed Plaintiff's off-task time, and the ALJ found neither source persuasive in this regard. *See* R. 1123-24.

recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III.    DISCUSSION

### A.    Report-Recommendation

The parties have not raised any objections to the facts or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 18, at 1-6). The Court therefore adopts Magistrate Judge Dancks's summary of the factual and procedural background and applicable law and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report and Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report-Recommendation, Magistrate Judge Dancks addressed "six issues of claimed error" raised by Plaintiff. (Dkt. No. 18, at 7). First, Magistrate Judge Dancks addressed Plaintiff's argument that the ALJ erred in concluding that Plaintiff's anxiety and depression were not severe impairments. (*Id.* at 9). Magistrate Judge Dancks explained that, at step two of the five-step sequential evaluation process to determine whether a claimant is disabled, the Social Security Administration must determine "whether the claimant has a severe impairment or combination of impairments[.]" (*Id.* at 5). Magistrate Judge Dancks found that the ALJ was not "bound by a prior administrative decision that found [Plaintiff's] anxiety and depression to be severe impairments[,]" and that the ALJ "correctly afforded Plaintiff a *de novo* hearing and issued a new decision[.]" (*Id.* at 10). Magistrate Judge Dancks further concluded that "because the ALJ found at least one other severe impairment, continued with the sequential evaluation, and provided an explanation showing he adequately considered the evidence related to Plaintiff's non-severe impairments," "error, if any, by the ALJ in failing to find Plaintiff's depression and

3

anxiety to be severe impairments is harmless." (*Id.* (citing *Brianna J. v. Comm'r of Soc. Sec.*, No. 24-cv-1016, 2025 WL 2771683, at \*5, 2025 U.S. Dist. LEXIS 191192, at \*13 (N.D.N.Y. Sep. 29, 2025))).

Next, Magistrate Judge Dancks considered Plaintiff's argument that the ALJ erred by not finding Plaintiff's diarrhea, migraines, lumbar radiculopathy, cervical radiculopathy, and carpal tunnel syndrome to be severe impairments. (*Id.* at 7, 11). Magistrate Judge Dancks found that the ALJ's "overall decision reflects a detailed analysis of Plaintiff's physical impairments and related limitations as well as the objective evidence of record." (*Id.* at 11 (citing R. 1121-27)). Again, Magistrate Judge Dancks concluded that because the ALJ "found at least one other severe impairment, continued the sequential evaluation, and provided an explanation showing he adequately considered the evidence related to Plaintiff's non-severe impairments," any error in failing to find these additional impairments to be non-severe "(or in failing to explicitly classify these alleged impairments as either severe or non-severe)" is harmless. (*Id.* at 12).

Magistrate Judge Dancks next addressed Plaintiff's contention that the ALJ erred in evaluating the medical opinion evidence, and (relatedly) that the ALJ did not consider "Plaintiff's symptoms from joint hypermobility syndrome[.]" (*Id.* at 7). To assess Plaintiff's arguments, Magistrate Judge Dancks turned to the ALJ's evaluation of record evidence, opinion evidence, and Plaintiff's residual functional capacity ("RFC"). (*Id.* at 12). In doing so, Magistrate Judge Dancks explained that for claims adjudicated after March 27, 2017, "the ALJ must use five factors to determine the persuasiveness of the medical opinion evidence and prior administrative medical findings: supportability; consistency; relationship with the claimant; specialization; and any other factors 'that tend to support or contradict' the opinion." (*Id.* at 13 (quoting 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c))). Magistrate Judge Dancks further

explained that "[t]he two most important factors in this analysis are supportability and consistency," and that "[t]he ALJ always must 'explain how [he] considered the supportability and consistency factors' because they are 'the most important factors[.]'" (*Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2))).

Magistrate Judge Dancks then assessed the ALJ's evaluation of N.P. Richey, P.A. Meyer, Dr. Russek, and Dr. Hussamy's opinions. (Dkt. No. 18, at 13-24). After a review of the medical evidence, Magistrate Judge Dancks found that the ALJ properly considered the supportability and consistency factors when assessing both N.P. Richey and P.A. Meyer's medical opinions. (*Id.* at 14-22). Magistrate Judge Dancks also noted that Dr. Russek, as a physical therapist, was not an "acceptable medical source[.]" (*Id.* at 22 (citation omitted)). Further, Magistrate Judge Dancks found that "[t]o the extent Plaintiff's argument for the inclusion of Dr. Russek's hypermobility diagnosis correlates to Plaintiff's statement that 'the ALJ erred by not considering her symptoms from [hypermobility syndrome] in his RFC and his credibility determination,' [ ] any limitations arising from Plaintiff's hypermobility syndrome were clearly subsumed within another documented and identified severe impairment." (*Id.* at 23 (citing Dkt. No. 13, at 2)). Magistrate Judge Dancks also found that the ALJ "properly complied with the remand order" from the Appeals Council even though he did not recontact Dr. Hussamy for clarification, because there was "no mandate" requiring the ALJ to do so. (*Id.* at 24).

Finally, Magistrate Judge Dancks turned to Plaintiff's argument that the ALJ erred "by not crediting Plaintiff's testimony regarding her limitations." (*Id.* at 7, 24). Magistrate Judge Dancks explained that, "[t]o satisfy the substantial evidence rule, the ALJ's evaluation of symptoms must be based on a two-step analysis of pertinent evidence in the record." (*Id.* at 25 (citing 20 C.F.R. § 404.1529; *Foster v. Callahan*, No. 96-cv-1858, 1998 WL 106231, at *5, 1997

U.S. Dist. LEXIS 22099, at *13 (N.D.N.Y. Sep. 16, 1997), *report-recommendation adopted*, 1998 WL 106231, at *1, 1998 U.S. Dist. LEXIS 2751 (N.D.N.Y. March 3, 1998))). "First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments 'could reasonably be expected to produce the pain or other symptoms alleged[.]'" (*Id.* (citing 20 C.F.R. § 404.1529(a))). "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." (*Id.* (citing 20 C.F.R. § 404.1529(c)(3))). Reviewing the ALJ's analysis, Magistrate Judge Dancks found that the ALJ "correctly applied the legal standards in assessing Plaintiff's symptoms and adequately specified the reasons for discrediting Plaintiff's statements." (*Id.* at 27).

### B.    Plaintiff's Objections

#### 1.    Redetermining Severity of Mental Health Impairments

As a preliminary matter, Plaintiff asserts that Magistrate Judge Dancks "erred by finding that the ALJ was not bound by his prior [step two] determination that Plaintiff had the severe impairments of anxiety and depression." (Dkt. No. 19, at 1). The Court disagrees. "The regulations provide that, upon remand, an ALJ 'shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.'" *Dommes v. Colvin*, 225 F. Supp. 3d 113, 118 (N.D.N.Y. 2016) (quoting 20 C.F.R. §§ 404.977(b), 416.1477(b)). "Accordingly, reviewing courts have found that failure to comply with the Appeals Council's remand order may be grounds for remand." *Id.* (citation omitted). However, "[a]n ALJ making a decision in a case on remand from the Appeals Council [ ] is to consider the case *de novo* when the Appeals Council has vacated the ALJ's

6

previous decision." *Uffre v. Astrue*, No. 06-cv-7755, 2008 WL 1792436, at *7, 2008 U.S. Dist. LEXIS 32080, at *20 (S.D.N.Y. Apr. 18, 2008) (citation omitted). Here, the Appeals Council vacated the ALJ's prior decision and remanded for the ALJ to "[g]ive further consideration to the medical source opinion(s) and prior medical findings[,]" and to obtain supplemental evidence from a vocational expert. R. 1182-83. Thus, Magistrate Judge Dancks correctly found that the ALJ was not bound by his prior decision. (*See* Dkt. No. 18, at 10 (citing R. 1180)).[4]

### 2.    Failure to Order Mental Health Consultative Examination

Second, and relatedly, Plaintiff objects because the Magistrate Judge did not find "that the ALJ was obliged to order a psychiatric consultative examination." (Dkt. No. 19, at 6). Plaintiff notes that she "was being treated for her depression and anxiety with psychotropic medication throughout the period in question[,]" and that "despite the Appeals Council's order . . . to re-evaluate the medical evidence and to obtain evidence from a medical expert related to the nature and severity and functional limitations from the claimant's impairments," the ALJ "did not order . . . a psychological consultative examination" on remand. (*Id.* at 7).

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Larkin v. Colvin*, No. 13-cv-0567, 2014 WL 4146262, at *8, 2014 U.S. Dist. LEXIS 114840, at *21 (N.D.N.Y. Aug. 19, 2014). "The Regulations require that the ALJ must order a consultative examination when '[a] conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved.'"

---

[4] Plaintiff's reliance on *Michelle F. v. Commissioner of Social Security* is inapposite. *See* No. 23-cv-00051, 2024 WL 242492, at *3-4, 2024 U.S. Dist. LEXIS 11911, at *9-10 (W.D.N.Y. Jan. 23, 2024). In *Michelle F.*, the plaintiff was appealing from the decision of the second ALJ to deny her disability insurance benefits. *Id.* Previously, another district court found that the first ALJ's mental RFC determination was "supported by substantial evidence in the record," and explicitly "reverse[d] the Commissioner's decision only on [the] point of the physical RFC[.]" *Id.* The Court in *Michelle F.*, reviewing the subsequent decision of a second ALJ, found that the reviewing district court "implicitly limited the scope of a remand" to Plaintiff's physical RFC." *Id.* Here, there is no such language in the Appeals Council's letter, and there is no prior district court decision limiting the scope of remand.

*Id.*, 2014 WL 4146262, at *8, 2014 U.S. Dist. LEXIS 114840, at *22 (quoting 20 C.F.R. § 416.919a(b)(4)). However, "[a]n ALJ is not obligated to send a litigant for a consultative examination if the facts do not warrant or suggest the need for such an examination." *Lefever v. Astrue*, No. 07-cv-622, 2010 WL 3909487, at *7, 2010 U.S. Dist. LEXIS 103777, at *21 (N.D.N.Y. Sept. 30, 2010), *aff'd,* 443 F. App'x 608 (2d Cir. 2011).

"Where a plaintiff suggests a possible mental impairment, the ALJ must assess whether there is any evidence of work-related functional limitations resulting from the possible mental impairment which have not been adequately addressed in the record." *Cathy G. v. Kijakazi*, No. 21-cv-823, 2022 WL 11134065, at *6, 2022 U.S. Dist. LEXIS 190511, at *16 (N.D.N.Y. Oct. 19, 2022) (quoting *Beau M. v. Comm'r of Soc. Sec.*, No. 18-cv-1170, 2020 WL 586868, at *9, 2020 U.S. Dist. LEXIS 20146, at *26 (N.D.N.Y. Feb. 6, 2020). "The importance of the longitudinal record is paramount in cases involving psychiatric impairments." *Id.*, 2022 WL 11134065, at *8, 2022 U.S. Dist. LEXIS 190511, at *22 ("Cycles of improvement and debilitating symptoms [of mental illness] are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." (quoting *Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019)). "An ALJ's ultimate conclusions might not change following adequate development of the record. Even so, a plaintiff is always entitled to a decision based on a fully developed record." *Id.*, 2022 WL 11134065, at *9, 2022 U.S. Dist. LEXIS 190511, at *22-23 (quoting *Alford v. Saul*, 417 F. Supp. 3d 125, 141 (D. Conn. 2019)).

As a preliminary matter, the Appeals Council did not *order* the ALJ to obtain evidence from a medical expert; rather, the Appeals Council stated that the ALJ "will[,] *if necessary*, obtain evidence from a medical expert related to the nature and severity of and functional

8

limitations resulting from the claimant's impairments[.]" R. 1182 (emphasis added). But in any event, the Court agrees that—on these facts and on this record—the ALJ erred by not ordering a psychiatric consultative examination.

In support of his finding that Plaintiff's anxiety and depression were not severe, the ALJ relied on statements Plaintiff made during an emergency room visit for pelvic pain in November of 2021, R. 1118 (citing R. 764 (noting Plaintiff's speech was "normal" on neurological examination and that Plaintiff was "[t]earful" but that her [m]ood and affect" were "appropriate for clinical condition" on psychological examination)), progress notes regarding Plaintiff's demeanor at an appointment pertaining to her low back pain in July of 2021, *id.* (citing R. 1011 (describing Plaintiff as having "good mood and affect" and no signs of depression or anxiety)), and the opinions of two reviewing state medical consultants in 2020 and 2021, who opined Plaintiff had no functional limitations with respect to her mental impairments, *id.* (citing R. 73, 86). The ALJ also analyzed a 2021 statement by FNP Richey, a treating medical source, who stated that "emotional factors" and "psychological conditions," including depression, contributed to the severity of Plaintiff's symptoms and function limitations, but noted that as it did not quantify the degree of limitations or cite "objective or clinical factors" it was not inconsistent with a finding that Plaintiff's anxiety and depression were non-severe. R. 1119 (citing R. 654-58).

However, the ALJ did not address the fact that Plaintiff was taking medication to address her depression and anxiety since at least 2020. *See* R. 539-540, 693, 1717, 2220. There was also evidence that Plaintiff's anxiety and depression symptoms had increased since 2021: in July of 2024, Plaintiff reported increased anxiety and depression, and her treatment notes indicate she was referred to "behavioral health" for a "depression and anxiety consult[.]" R. 2220-22. The

9

ALJ discounts the significance of Plaintiff's reported increase in symptoms because, according to Plaintiff's treatment notes, Plaintiff said "life stress"—including the legal process of filing for disability—had contributed to her anxiety and depression. R. 1119 (citing R. 2220). The ALJ concluded that "any increased symptoms or limitations associated with increased situational life stressors are unlikely to persist for the 12 continuous months required to support a finding of disability." *Id.* This conclusion is not based on any record evidence, but rather on the lay analysis of the ALJ. *See Cathy G.*, 2022 WL 11134065, at *9, 2022 U.S. Dist. LEXIS 190511, at *24 (reversing and remanding where ALJ "relied on the clearly 'limited' evidence of record" and "inappropriately applied his lay analysis to the limited medical records to assess 'severity' of plaintiff's mental health impairments"). Further, Plaintiff's treatment notes indicate that the stress of the disability application process was only one contributing factor in her increased symptoms; her treatment notes also reflect that her health was a high stressor for her. R. 2220.

The ALJ himself noted that the 2024 "examination report documenting the claimant's subjective reports of increased mental health symptoms does not contain a full mental status examination[.]" R. 1119 (citing R. 2222). Yet the ALJ did not order a consultative psychiatric examination to develop the record in this regard. Instead, the ALJ relied on statements Plaintiff made while seeking treatment for pelvic pain and lower back pain, and on the 2020 and 2021 opinions of the state medical consultants, *see* R. 1119, despite evidence of a subsequent increase in Plaintiff's mental health symptoms and a lack of mental health treatment records, *see Rodriguez v. Comm'r of Soc. Sec.*, No. 20-cv-9040, 2021 WL 5154112, at *3, 2021 U.S. Dist. LEXIS 214713, at *9-10 (S.D.N.Y. Nov. 5, 2021) ("This Court questions the ALJ's conclusions about Plaintiff's mental health given the absence of treatment records that clearly exist or a mental health functional assessment from his treating sources or from a consultative source and

reliance on cherry-picked comments from doctors who were not evaluating or treating [the p]laintiff for his mental health conditions.").[5] Accordingly, the Court finds that the ALJ failed to develop the record to assess Plaintiff's work-related mental health limitations and erred by not ordering a psychiatric consultative examination. *See Cathy G.*, 2022 WL 11134065, at \*9, 2022 U.S. Dist. LEXIS 190511, at \*24 (collecting cases).

### 3.    Determining Severity of Plaintiff's Other Impairments

Plaintiff also objects to Magistrate Judge Dancks's determination that (1) the ALJ did not err at the step-two severity prong in "finding that the impairments of diarrhea, migraines, lumbar radiculopathy, and carpal tunnel syndrome were not severe," and (2) that, in any event, any error was harmless because the ALJ considered the impairments throughout the sequential evaluation. (Dkt. No. 19, at 8-10; 13). As Magistrate Judge Dancks explained, "[t]he severity prong is intended as a *de minimis* standard to screen out only those claimants with 'slight' limitations that 'do not significantly limit any basic work activity.'" (Dkt. No. 18, at 9 (quoting *Vicari v. Astrue*, No. 05-cv-4967, 2009 WL 331242, at \*3, 2009 U.S. Dist. LEXIS 9670, at \*8 (E.D.N.Y. Feb. 10, 2009))). "In rendering a severity determination, '[t]he ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Taylor v. Astrue*, No. 11-cv-588, 2012 WL 1415410, at \*2, 2012 U.S. Dist. LEXIS 57277, at \*5 (N.D.N.Y. Apr. 24, 2012) (quoting

---

[5] Magistrate Judge Dancks separately concluded that Plaintiff "consistently denied symptoms of anxiety and depression and her mental examinations were normal." (Dkt. No. 18, at 10). However, like the ALJ, Magistrate Judge Dancks also does not discuss Plaintiff's reliance on medication to manage her symptoms or Plaintiff's reported increase in symptoms in 2024. Instead, Magistrate Judge Dancks cites to "behavioral observations" made during Plaintiff's physical RFC assessment, R. 298, observations of Plaintiff's general appearance, "mental status" and mood during a prenatal visit, R. 333-34, 571, notes from several emergency room visits unrelated to Plaintiff's mental health, R. 383-84, 389-90, 396-97, 402, 405-408, 522, notes from 2019 and 2020 visits with her nurse practitioner, R. 535-37, 540, 558, 576-77, a 2019 post-operative follow-up, R. 584, and two visits with her nurse practitioner from 2021, R. 694-99, 703. It does not appear that there are any "mental examinations" among the records Magistrate Judge Dancks cites, other than Plaintiff's routine depression screenings at her annual physicals and follow-ups. *See, e.g.,* R. 535, 558, 576.

*Thompson v. Astrue,* 416 F. App'x 96, 97 (2d Cir. 2012)). "It is the claimant's burden to show at step two that she has a 'severe impairment,' meaning 'any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Rye v. Colvin*, No. 14-cv-170, 2016 WL 632242, at *3, 2016 U.S. Dist. LEXIS 18774, at *10 (D. Vt. Feb. 17, 2016) (quoting 20 C.F.R. §§ 404.1520(c), 416.920(c)). "When the parties disagree over the effect of the ALJ's failure to include a condition at step two, resolution of 'this issue comes down to a question of whether there was substantial evidence to support the ALJ's conclusion that [the omitted condition] should not be included as a 'severe impairment.'" *Eralte v. Colvin*, No. 14-cv-1745, 2014 WL 7330441, at *10, 2014 U.S. Dist. LEXIS 176808, at *26 (S.D.N.Y. Dec. 23, 2014) (quoting *Hussain v. Comm'r of Soc. Sec.,* No. 13-cv-3691, 2014 WL 4230585, at *7, 2014 U.S. Dist. LEXIS 119995, at *18 (S.D.N.Y. Aug. 27, 2014)).

"[W]here an ALJ excludes certain impairments from the list of severe impairments at step two of the sequential analysis, any such error is harmless if the ALJ identifies some severe impairments so that the analysis proceeds and the ALJ considers the effects of the omitted, non-severe impairments during the subsequent steps following step two." *Brianna J.*, 2025 WL 2771683, at *5, 2025 U.S. Dist. LEXIS 191192, at *13. "However, where an impairment is excluded at step two and the ALJ fails to account for functional limitations associated with the impairment in determining the claimant's RFC, remand for further proceedings is appropriate." *Frank J. v. Comm'r of Soc. Sec.*, No. 20-cv-687, 2021 WL 4241439, at *3, 2021 U.S. Dist. LEXIS 177718, at *8 (W.D.N.Y. Sept. 17, 2021) (citing *Fontanez v. Colvin*, 2017 WL 4334127, *15, 2017 U.S. Dist. LEXIS 160048, at *47 (E.D.N.Y. September 28, 2017)).

Magistrate Judge Dancks concluded that "substantial evidence supported the ALJ's findings at step two[,]" reasoning that the ALJ's "overall decision reflects a detailed analysis of

Plaintiff's physical impairments and related limitations as well as the objective evidence of record." (Dkt. No. 18, at 11-12 (citing R. 1121-27)). Although the ALJ did not identify all of the impairments he found non-severe at step two (listing only those impairments he found severe), the Court agrees with Magistrate Judge Dancks that any error with respect to Plaintiff's migraines, lumbar radiculopathy, and carpal tunnel syndrome was harmless because the ALJ discussed these impairments and their effects throughout the remainder of the decision. *See* R. 1122 (noting that "[v]ery recent records in late 2023 and early 2024 document complaints of migraine headaches[,]" but also that "[i]n May 2024 [Plaintiff] acknowledged that her headaches are 'very random' and that while she can experience 2-3 per week, she can also go for 3 months without a headache and had not had a problem with headaches during the previous month"), 1124 (noting that imaging of lumbar spine was "unremarkable"), 1122 (noting that "nerve conduction testing" in connection with carpal tunnel syndrome characterized results as "mild").

However, the ALJ's decision makes no mention of Plaintiff's history of diarrhea. Magistrate Judge Dancks correctly noted that Plaintiff did not list this impairment on her disability application, (Dkt. No. 18, at 11), but the regulations require an ALJ "to consider impairments that a claimant states . . . she has, or those 'about which [the ALJ] receive[s] evidence[,]'" *Harper v. Berryhill*, No. 16-cv-0229, 2018 WL 3353070, at *4, 2018 U.S. Dist. LEXIS 113733, at *12 (W.D.N.Y. May 23, 2018) (quoting 20 C.F.R. ss 404.1512(a); 416.912(a)). And here, Plaintiff testified at her first hearing that she gets diarrhea "multiple times a day[.]" R. 36. She stated that she can spend "20 to 30 minutes each time [she is] in the bathroom[,]" that she has had this for "almost seven to ten years[,]" and that her doctors believe it is irritable bowel syndrome ("IBS"). *Id.* At her second hearing, Plaintiff testified again that she has IBS, "which if [she] get[s] too hot, too cold, if [she] eat[s] a certain food, one day [she's]

fine, the next day she's not. And [she] spend[s] multiple times in the bathroom for 15 to 20 minutes, one time per hour." R. 1142. Plaintiff's treating medical source, FNP Katherine Richey, also noted Plaintiff's gastrointestinal issues in her assessment. R. 694-95.

The record also reflects that, on May 21, 2021, Plaintiff had a gastroenterology appointment with Dr. Surianarayanan Karthikeyan. R. 1018. Dr. Karthikeyan noted that Plaintiff "has a long history over [ten] years of diarrhea. . . . [Plaintiff] had to make frequent trips to the toilet as she is left with a sense of incomplete bowel evacuation. BMs also start to 10 to 15 minutes postprandially with a sense of urgency and urge incontinence. [ ] On average she would pass up to 6 BMs a day but when symptoms are worse she could go up to 10 times a day." *Id.* Dr. Karthikeyan noted again on July 6, 2021, that Plaintiff "continues to be symptomatic and claims that she has had chronic diarrhea with cholecystectomy in 2015." R. 1015.

Despite this record evidence, the ALJ did not consider Plaintiff's gastrointestinal impairment—either alone or in combination with her other impairments. The ALJ did not reference Dr. Karthikeyan's treatment notes in his decision. The absence of this impairment is particularly conspicuous because, in his first decision, the ALJ specifically addressed Plaintiff's "constipation and diarrhea" at step two. R. 12. Because the ALJ did not mention Plaintiff's gastrointestinal impairment at all, "the court's attempt to meaningfully review the ALJ's determination is thwarted[.]" *Taylor*, 2012 WL 1415410, at \*2, 2012 U.S. Dist. LEXIS 57277, at \*5 (citing *Schaal v. Apfel,* 134 F.3d 496, 504 (2d Cir.1998)). As such, the Court cannot say that substantial evidence supports the ALJ's (implicit) determination that Plaintiff's diarrhea should not be included as a severe impairment. The Court also cannot determine whether the *combination* of Plaintiff's impairments "significantly limits [Plaintiff's] physical or mental ability to do basic work activities[,]" because the ALJ did not consider all of Plaintiff's

14

impairments in his analysis. *See Rye*, 2016 WL 632242, at *3, 2016 U.S. Dist. LEXIS 18774, at *10.

The Court does not agree with Magistrate Judge Dancks's conclusion that any error in failing to find Plaintiff's diarrhea to be severe is harmless. (*See* Dkt. No. 18, at 12). Magistrate Judge Dancks found that the ALJ "adequately considered the evidence related to Plaintiff's non-severe impairments" even though he determined that Plaintiff's diarrhea, migraines, lumbar radiculopathy, cervical radiculopathy, and carpal tunnel syndrome were non-severe. (*Id.*). However, there is nothing in the ALJ's decision that suggests he considered the functional limitations associated with Plaintiff's diarrhea in determining Plaintiff's RFC.

Because the ALJ did not consider Plaintiff's non-severe gastro-intestinal impairment in determining Plaintiff's RFC, the Court cannot say that the ALJ's procedural error is harmless. *See Frank J.*, 2021 WL 4241439, at *4, 2021 U.S. Dist. LEXIS 177718, at *10-11 (reversing and remanding decision of Commissioner where court was "unable to conclude that the ALJ's step two error is harmless because the ALJ did not acknowledge or discuss Plaintiff's chronic back pain during subsequent steps of the disability analysis, including in evaluating the RFC"); *Taylor*, 2012 WL 1415410, at *2, 2012 U.S. Dist. LEXIS 57277, at *5 (reversing and remanding where the ALJ "failed to mention [the plaintiff's] wrist impairment at all in discussing severity and only briefly acknowledged the impairment in summarizing the medical evidence relative to [the plaintiff's] RFC").

Accordingly, the Court finds that the matter should be reversed and remanded for further proceedings consistent with this opinion. Because the Court identifies error at step two of the ALJ's analysis, the Court does not reach Plaintiff's additional objections, which allege error at

15

later steps in the sequential analysis. *See Taylor*, 2012 WL 1415410, at \*2, 2012 U.S. Dist. LEXIS 57277, at \*5-6.[6]

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation's recommendation that the Commissioner's decision be affirmed (Dkt. No. 18, at 27) is **REJECTED**; and it is further

**ORDERED** that the Commissioner's decision is **REVERSED**, and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Decision and Order; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: <u>March 31, 2026</u>
        Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[6] The Court notes that Plaintiff's fifth objection—that the Magistrate Judge erred by "not addressing the issue of the ALJ's reliance upon the outdated opinions of his [sic] non-examining consultants from 2020 in evaluating the evidence"—was not raised before Magistrate Judge Dancks. (*See* Dkt. No. 19, at 11-13). "[A] district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance." *Timothy B. v. Comm'r of Soc. Sec.*, No. 817-cv-0399, 2018 WL 3853999, at \*1, 2018 U.S. Dist. LEXIS 136972, at \*3 (N.D.N.Y. Aug. 14, 2018), *aff'd sub nom. Barnaby v. Berryhill*, 773 F. App'x 642 (2d Cir. 2019). Plaintiff makes no argument as to why the Court should consider this issue now, when it could have been, but was not, presented to Magistrate Judge Dancks.